UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                                    No. 02-4457

HARRY ROMMELL RAMSEY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-01-457)

Submitted: January 21, 2003

Decided: February 14, 2003

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael W. Patrick, LAW OFFICE OF MICHEL W. PATRICK, Chapel Hill, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Harry Rommell Ramsey appeals the district court's order sentencing him to ninety-six months imprisonment following his guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g), 924(a) (2000).

Ramsey's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no non-frivolous issues for appeal but asking the court to review the district court's application of the sentencing guidelines in calculating Ramsey's sentence. Because no objection was lodged below, our review is for plain error. *United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996). The PSR set Ramsey's base offense level at twenty-four and applied a four-level enhancement on the basis of Ramsey's possession of a firearm in connection with narcotics dealing. *See U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2000) (providing for four level enhancement where weapon is used or possessed in connection with another felony offense). The PSR also recommended a three-level reduction for acceptance of responsibility. *See* USSG § 3E1.1. This set Ramsey's total offense level at twenty-five, which, when combined with his criminal history category of four, rendered a recommended sentencing range of eighty-four to 105 months imprisonment. His sentence was within that range. Our review of the record reveals no error.

Ramsey was informed of his right to file a supplemental brief, and he has done so, raising several claims. Only two merit discussion.*

---

*Ramsey's supplemental brief raises several non-substantive claims in regard to the presentence report, including, among others, the spelling of his mother's name and several disputed traffic citations. Because these matters did not impact the calculation of the recommended sentence, we do not consider them further.

Construing Ramsey's pro se brief liberally, he first raises a Fourth Amendment claim challenging the seizure of either his person or the weapon by the Government. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A valid plea of guilty generally constitutes a waiver of non-jurisdictional defects occurring prior to the plea, including claims of unlawful search and seizure under the Fourth Amendment. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Ramsey presents no reason to deviate from this well established precept of law. Accordingly, this claim warrants no relief.

Ramsey next claims that his conviction is infirm because he was returning the firearm to its rightful owner, "T.T." Title 18 U.S.C. § 922(g) (2000), criminalizes possession, not ownership, of a firearm in limited circumstances. *Id.* Because Ramsey admits to possessing the weapon, this claim is likewise meritless.

We have reviewed the record in accordance with *Anders* and find no meritorious issues. Accordingly, we affirm the judgment of the district court. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*